**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff/Respondent.

v.

MIGUEL ALBERTO MAJARRES-DIAZ,
[True Name: ROGELIO GOMEZ],

        Defendant/Petitioner.

_____/

Case No. 08-20613

HON. MARIANNE O. BATTANI

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S
MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Before the Court is Defendant/Petitioner Miguel Alberto Majarres-Diaz's "Petitioner's Motion and Affidavit For Leave To Proceed In Forma Pauperis Pursuant to Title 28 U.S.C. 1915." (Doc. 29). Defendant pled guilty to one count of "Unlawful Re-entry After Deportation for an Aggravated Felony" and Judgment was entered January 28, 2008. (Doc. 24). Defendant filed a timely Notice of Appeal (Doc. 25), but has not paid any portion of the $455.00 filing fee. (Doc. 28). The Court characterizes Defendant's filing as an application to proceed *in forma pauperis* on appeal from the January 28, 2008 Judgment. The Court has reviewed Defendant's application, and for the reasons that follow, **DENIES** without the prejudice, the request to proceed *in forma pauperis.*

To proceed *in forma pauperis* on appeal under 28 U.S.C. § 1915, a prisoner is required to: (1) submit "an affidavit that includes a statement of all assets such prisoner possess," 28 U.S.C. § 1915(a)(1), (2) submit "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately

preceding the filing of the complaint or notice of appeal," 28 U.S.C. § 1915(a)(2), and (3) pay, if funds exist, "an initial partial filing fee," 28 U.S.C. § 1915(b)(1). Based on these submissions, the court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. Prows v. Kastner, 842 F.2d 138, 140 (5th Cir.), cert. denied, 488 U.S. 941 (1988). A court may properly deny a request to proceed *in forma pauperis* if the reviewing court is unable to determine whether the applicant is indigent. Flippin v. Coburn, 107 Fed.Appx. 520 (6th Cir. 2004) (unpublished). Additionally, the failure to submit a certified trust fund account statement bars consideration of an attempt to proceed *in forma pauperis*. Hart v. Jaukins, 99 Fed. Appx. 208 (10th Cir. 2004).

Defendant's application is incomplete and cannot be considered at this time because he did not submit an *affidavit* nor file a copy of his prison trust fund account as required under the statute. Defendant's "Financial Affidavit" is not an affidavit because it was not sworn by Defendant before an officer authorized to administer oaths, such as a notary public. *See*, U.S. v. Nunley, 369 F.Supp. 171 (D.C. Tenn 1972) (defective jurat in affidavit does not meet § 1915(a)(1) requirements); Brown v. Matthew, 142 F.R.D. 496 (D. Kan. 1992) (a motion to proceed *in forma pauperis* may be denied if the affidavit is not notarized). Even if the Court characterized the document as an affidavit, there is a conflict between the text of his motion and the "Financial Affidavit". The conflict concerns his financial condition and creates ambiguity. In his motion, Defendant states, "I do not own cash or a checking or savings account." (Doc. 29 at 2). In the body of the "Financial Affidavit", the check boxes in the "Cash" row of the "Assets" section are not filled out. (Doc 29 at 3). This leaves the Court guessing as to the actual financial situation of Defendant.

Such patent ambiguity prevents the Court from determining Defendant's eligibility for pauper status.

Furthermore, assuming the Court is satisfied with Defendant's "affidavit" of hardship, his application nevertheless remains incomplete because Defendant did not file with his motion a certified copy of his prison trust fund account statement. The plain language of 28 U.S.C. § 1915(a)(2) requires such a filing. Defendant does not explain why this document is missing from his application. The Court cannot review Defendant's financial condition without the required records.

In sum, Defendant's non-compliance with the statute prevents this Court from considering his application to proceed *in forma pauperis*. Defendant's request to proceed *in forma pauperis* is **DENIED** without prejudice.

**IT IS SO ORDERED.**

s/Marianne O. Battai
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: August 25, 2010

## CERTIFICATE OF SERVICE

A Copy of this Order was e-filed and/or mailed to Miguel Alberto Majarres-Diaz and counsel of record on this date.

s/Bernadette M. Thebolt

Case Manager